UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

KATHY W. WRIGHT, GUARDIAN
OF M.B.W., A MINOR                                                                                          PLAINTIFF

V.                                                                         CIVIL ACTION NO. 3:08CV97 DPJ-JCS

KIMBERLY CASE DAVIS,
SHELTER MUTUAL INSURANCE COMPANY,
SAFECO INSURANCE COMPANY OF ILLINOIS,
AND PROGRESSIVE SECURITY INSURANCE COMPANY                      DEFENDANTS

ORDER

This declaratory judgment action is before the Court on motion of Defendant Shelter Mutual Insurance Company (Shelter) to dismiss for lack of personal jurisdiction or improper venue, or alternatively to transfer the case to the Middle District of Louisiana pursuant to 28 U.S.C. § 1404(a). Plaintiff Kathy Wright has responded in opposition. The Court, having considered the memoranda and submissions of the parties, concludes that Defendant's motion should be denied.

I.      Factual and Procedural History

Plaintiff Kathy Wright, a Mississippi resident, filed this action as guardian of M.B.W, after M.B.W. sustained injuries in an automobile accident in Baton Rouge, Louisiana. M.B.W. was a passenger in a car driven by Defendant Kimberly Davis, a Louisiana resident. The car was owned by two Louisiana residents and insured by Shelter. The other vehicle in the collision was driven by Angie Byrd, also a Louisiana resident.[1] Byrd's car was insured by Progressive Security Insurance Company (Progressive). According to the Complaint, the impact caused Davis to hit a third vehicle.

---

[1] Byrd has been dismissed as a defendant.

Following the accident, M.B.W. was treated in the emergency room of the Baton Rouge General Hospital and then returned to her parents' home in Mississippi for follow-up care. Although the complaint alleges that Angie Byrd negligently caused the accident, her insurance policy limits were insufficient to cover the alleged damages. Accordingly, Byrd reached an agreement with the injured parties whereby they would receive an allocation of the available coverage from Progressive. M.B.W.'s share was less than her alleged damages. As a result, Plaintiff filed claims seeking uninsured/underinsured motorist coverage with her insurer, Safeco Insurance Company of Illinois (Safeco), and with Shelter, the insurer of the car in which M.B.W. was riding. Neither insurer paid the claims, and Plaintiff now seeks declaratory judgment as to the respective duties of Safeco and Shelter.

Shelter, a corporation with its principal place of business in Missouri, filed the instant motion to dismiss for lack of personal jurisdiction. Alternatively, Shelter seeks dismissal or transfer to Louisiana based on improper and/or inconvenient venue.

II.   Analysis

    A.   Motion to Dismiss for Lack of Personal Jurisdiction

In determining if personal jurisdiction exists, the Court engages in a familiar two-part inquiry. *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006). First, the Court must determine whether jurisdiction is proper under Mississippi's long-arm statute and second, whether jurisdiction complies with the requirements of due process. *Id.*; *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997). Where the district court rules on a motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only make a prima facie case that jurisdiction is proper. *Quick Techs., Inc. v. Sage Group,*

2

*PLC*, 313 F.3d 338, 343 (5th Cir. 2002). "The district court is not obligated to consult only the assertions in the plaintiff's complaint in determining whether a prima facie case for jurisdiction has been made. Rather, the district court may consider the contents of the record at the time of the motion, including affidavits . . . ." *Id*. In addition, the Court "must accept as true [the plaintiff's] *uncontroverted* allegations, and resolve in its favor all conflicts between the facts contained in the parties' affidavits and other documentation." *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (emphasis added).

      1.    *Long-Arm Statute*

As to the first part of the analysis, Mississippi's long-arm statute provides in relevant part:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57 (2000). It is undisputed that Shelter is not registered to do business with the Mississippi Secretary of State and that the contract and torts prongs of the long-arm statute are inapplicable. However, Plaintiff insists that personal jurisdiction exists under the "doing business" prong of the statute.

The "doing business" prong applies to any entity or individual who "shall do any business or perform any character of work or service in this state." *Id*. Under this prong, Plaintiff must demonstrate that 1) Shelter did some purposeful act or consummated a transaction in Mississippi

3

and 2) the assumption of jurisdiction would not offend traditional notions of fair play and substantial justice. *Kekko v. K&B La. Corp.*, 716 So. 2d 682, 683 (Miss. Ct. App. 1998). Following the 1991 amendments to section 13-3-57, the statute no longer requires a nexus between the purposeful act and the cause of action. *S. Pac. Transp. Co. v. Fox*, 609 So. 2d 357, 360 (Miss. 1992).

Plaintiff submitted evidence that Shelter is licensed with the Mississippi Insurance Department, has more than one hundred agents within the state, and sells eleven different lines of insurance to Mississippi residents and businesses. Shelter did not dispute this evidence. So, Plaintiff has made a prima facie showing that Shelter engaged in some purposeful act in Mississippi. *See Mabry v. Seeley*, Civil Action No. 2:07cv129, 2008 WL 919678, at *2 (N.D. Miss. April 3, 2008) (citing *Kekko*, 716 So. 2d at 683) (finding "doing business" prong satisfied where Defendant worked in Mississippi, even though the subject car accident occurred in Tennessee). Because the second step bears some resemblance to the due process considerations, the Court will consider whether the exercise of jurisdiction offends traditional notions of fair play *infra*. *See Rosa v. Streblow Bros.*, Civil Action No. 2:06cv195, 2007 WL 4287569, at *5 (S.D. Miss. Dec. 6, 2007) (noting resemblance between "doing business" prong and due process analysis).

2.   *Due Process*

The due process inquiry consists of two considerations: 1) the nonresident defendant must have some minimum contact with the forum resulting from its own affirmative act, and 2) maintenance of the suit must comport with "traditional notions of fair play and substantial justice." *Stuart v. Spademan*, 772 F.2d 1185, 1191 (5th Cir. 1985) (quoting *Int'l Shoe Co. v.*

*Washington*, 326 U.S. 310, 316 (1945)). Under the first prong (the minimum contacts test), personal jurisdiction may be general or specific. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006); *Bryant v. Salvi*, 141 F. App'x 279, 282 (5th Cir. 2005). Where a defendant's contacts are continuous and systematic, the Court may exercise general jurisdiction, and where a defendant's contacts are relatively few but give rise to the suit, the Court may exercise specific jurisdiction. *Id.*

Here, Plaintiff asserts that general jurisdiction is appropriate, thus, the question is whether Shelter's contacts with Mississippi can be characterized as continuous and systematic. Again, Plaintiff presented undisputed evidence that Shelter is licensed with the Mississippi Insurance Department, has more than one hundred agents within the state, and sells eleven different lines of insurance to Mississippi residents and businesses. Thus, the Court finds that Plaintiff has made a prima facie showing of general jurisdiction.

To satisfy the second prong of the due process inquiry, the exercise of jurisdiction must not offend "traditional notions of fair play and substantial justice." *Paz*, 445 F.3d at 814; *see Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994) ("If a nonresident defendant has sufficient related or unrelated minimum contacts with the forum, we must then consider whether the 'fairness' prong of the jurisdictional inquiry is satisfied."). "Once a plaintiff has established minimum contacts, the burden shifts to the defendant to show the assertion of jurisdiction would be unfair." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999) . "To show that an exercise of jurisdiction is unreasonable once minimum contacts are established, the defendant must make a 'compelling case' against it. It is rare to say the assertion is unfair after minimum contacts have been shown." *Wien Air Alaska, Inc. v. Brandt,* 195 F.3d 208, 215 (5th Cir. 1999)

(citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985); *Akro Corp. v. Luker*, 45 F.3d 1541, 1549 (Fed. Cir. 1995)).  Under this prong, the Court considers:  1) the defendant's burden; 2) the forum state's interests; 3) the plaintiff's interest in convenient and effective relief; 4) the judicial system's interest in efficient resolution of controversies; and 5) the state's shared interest in furthering fundamental social policies.  *Paz*, 445 F.3d at 814.

      Application of these factors suggests that the exercise of personal jurisdiction will not offend traditional notions of fair play and substantial justice.  First, the potential burden of litigating in Mississippi is not sufficient for Shelter to carry the day.  "[O]nce minimum contacts are established, the interests of the forum and the plaintiff justify even large burdens on the defendant."  *Wien Air Alaska, Inc.*, 195 F.3d at 215 (citing  *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 115 (1987)).  In *Wien Air Alaska, Inc.*, the district court held that exercising personal jurisdiction over a German citizen would violate the fairness prong.  The Fifth Circuit Court of Appeals agreed that suit in Texas could be inconvenient and would "admittedly  . . . place a burden on the defendant," *id*., but the court nevertheless reversed the district court and held that personal jurisdiction existed absent an "overwhelming burden to the defendant that outweighs the legitimate interests of the plaintiff and the forum state."  *Id*. at 216.  Like *Wien Air Alaska, Inc.*, either potential venue in this case could present inconveniences.  However, Shelter is a Missouri corporation, and the burdens of litigating in Mississippi, where it has substantial business, instead of Louisiana, are not sufficient to outweigh the remaining factors.

      Second, Mississippi has a substantial interest.  Plaintiff (and M.B.W.) are Mississippi residents, and Mississippi certainly has an interest in providing a forum for the redress of injuries to its citizens.  *See Estate of Jones v. Phillips ex rel. Phillips*, – So. 2d –, 2008 WL 3931363, at *

6 (Miss. Aug. 28, 2008) (affirming exercise of jurisdiction against out-of-state physician and clinic and noting the interest of the state in providing a forum for injured residents); *Horne v. Mobile Area Water & Sewer Sys.*, 897 So. 2d 972, 981 (Miss. 2004) (finding court had personal jurisdiction over out-of-state city and water board and noting strong state interest in adjudicating dispute because Mississippi residents and property were injured).

Third, proceeding in Mississippi will promote Plaintiff's interest in convenience and effective relief.  Plaintiff and M.B.W. both reside in Mississippi where they elected to file suit. *See Mabry*, 2008 WL 919679, at *4 ("[P]laintiffs clearly have an interest in prosecuting the action in the present forum; the [plaintiffs'] choice of forum is entitled to deference.").  In addition, Plaintiff also argues that substantially all of the witnesses relating to damages are in Mississippi.

The fourth factor, the judicial system's interest in efficient resolution of controversies, does not tip the balance either way in this instance, as the case is still in the early stages of litigation and it is not apparent from the parties' submissions whether litigation here or in another venue would precipitate a single resolution of the case.  *See Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 631 (5th Cir. 1999) ("[T]he judicial system's concerns for the efficient resolution of controversies preponderates in favor of a single litigation inclusive of all defendants whose allegedly intentional and tortious acts have coalesced to injure the plaintiffs."); *see also Central Freight Lines, Inc. v. APA Transport Corp.*, 322 F.3d 376, 385 (5th Cir. 2003) (noting that the plaintiff had filed a counterclaim in a case between the same parties in federal court in New Jersey and observing that because that case had been proceeding during the appeal, New Jersey might be the most efficient place to resolve the controversy).

In sum, the Court finds Shelter has not met its burden of showing that the exercise of personal jurisdiction offends the traditional notions of fair play and substantial justice. Accordingly, the Court must deny Shelter's motion to the extent it is based on personal jurisdiction.

B.   Motion to Dismiss or Transfer

Based on the present record, the Court cannot rule on Shelter's alternative motion to dismiss or transfer for two reasons. First, outside the personal jurisdiction issue, the parties did not address whether the current venue is proper under general venue statutes. Second, it is not apparent whether this case is merely a coverage dispute which will turn on the interpretation of the polices or whether the underlying facts of the accident will be relevant.

On the first point, the bulk of the parties' submissions related to 28 U.S.C. § 1404(a) which grants the court discretion to transfer to another proper venue due to "the convenience of parties and witnesses, in the interest of justice . . . ." This section therefore allows transfer between two proper venues, which begs the threshold question–is the current venue proper. Although Shelter generically references dismissal for improper venue, it is clear that the motion set its aim on the personal jurisdiction and §1404(a) issues. Although Shelter did not address the propriety of the current venue, it appears to have at least preserved the issue, and the Court finds that it should be addressed before attention turns to the possibility of another proper but more convenient venue.

As for the § 1404(a) argument, it is not clear whether this case will encompass the underlying facts of the accident. In a decision released last month, the Fifth Circuit confirmed that a party seeking a transfer under § 1404(a) "must show good cause." *In re Volkswagen of*

8

*America, Inc.*, No. 07-40058, 2008 WL 4531718 at *7 (5th Cir. Oct. 10, 2008).  The court explained,

> [T]o show good cause means that a moving party, in order to support its claim for transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is "for the convenience of parties and witnesses, in the interest of justice."  Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected.  When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer.

*Id.* (quoting 28 U.S.C. § 1404(a)).  The decision to transfer a suit to a more convenient forum under § 1404(a) is left to the sound discretion of the trial court.  *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 631 (5th Cir. 2008).

In determining whether or not to transfer venue, there are "a number of public and private interest factors, none of which can be said to be of dispositive weight."  *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004).  The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Action Indus., Inc.*, 358 F.3d at 340 n.8.

> The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Id.* (citing *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 831 (5th Cir. 1986)).

The Court has carefully considered the parties' arguments with respect to the public and private factors. However, the current record fails to establish whether a trial of this matter will examine Plaintiff's claim of negligence as to Byrd. Complaint ¶ 8 ("Count One"). Similarly, questions exist as to whether apportionment of fault between Byrd and Davis may affect the coverage determination between Shelter and Safeco. Complaint ¶ 11 ("Count Two"). The parties have taken differing positions as to whether the facts of the underlying accident must be determined.[2]

Until the record is sufficient to determine whether the underlying accident will be examined, the Court cannot determine whether it should even consider the convenience to out-of-state witnesses who may be of little relevance. If the accident is irrelevant, then this may be a coverage dispute turning on the Court's interpretation of Mississippi and Louisiana insurance policies. If the accident is relevant, then the factors must be weighed. Given this uncertainty in the record, the Court finds that Defendant has not yet met its burden under § 1404(a).

III.     Conclusion

Based on the foregoing, Shelter's motion is denied as to its request to dismiss for lack of jurisdiction. The balance of the motion is denied without prejudice, and the parties are instructed to contact the Court's courtroom deputy to schedule a telephonic status conference.

**SO ORDERED AND ADJUDGED** this the 19th day of November, 2008.

s/ *Daniel P. Jordan III*<br>UNITED STATES DISTRICT JUDGE

---

[2]Although Shelter encourages the Court to consider the convenience of Louisiana witnesses, it also argues that "this action is nothing but a declaratory judgment action which Plaintiff has filed arguably to determine Plaintiff's rights under a Louisiana policy of insurance, admittedly applying Louisiana law." Defendant's Reply at 5.